### PEOPLE ex rel. KEATING et al. v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

CERTIORARI (§ 24*)—SUBJECTS OF RELIEF—ADMINISTRATIVE ACTS.

Certiorari does not lie to review the action of the police commissioner, under New York City Charter (Laws 1901, c. 466) § 343, in revoking a license of an engineer; the granting and revocation of such licenses being administrative, and not judicial, acts.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 37; Dec. Dig. § 24.*]

Certiorari by the People, on the relation of William Keating and others, to review the action of Theodore A. Bingham, Police Commissioner of the City of New York, in revoking the license of relators as engineers. Writ quashed, and proceeding dismissed.

See, also, 122 N. Y. Supp. 1141.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, and CLARKE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Andrew C. Troy (Louis E. Swarts, of counsel, and Edwin P. Kilroe, on the brief), for relator Black.

Kilroe & Swarts (Edwin P. Kilroe, of counsel), for relator Keating.

Archibald R. Watson, Corp. Counsel (Harry Crone, of counsel and Theodore Connoly, on the brief), for respondent.

CLARKE, J.   This is a writ of certiorari to review the action of the police commissioner, upon the recommendation of two practical engineers of the boiler squad of the sanitary company of the police department of the city of New York, in revoking the licenses of the three relators as engineers for their alleged misconduct in leaving their employment in such a condition as to endanger and destroy property.   Relators were served with charges, and were tried before the two examining engineers, presided over by the lieutenant of police in charge of the sanitary company.   Oaths were administered and evidence taken.

There is no statutory provision for a trial, nor for review by writ of certiorari.   The only statute applicable is section 343 of the charter (chapter 466, Laws 1901):

"It shall not be lawful for any person or persons to operate or use any steam boiler to generate steam except for railway locomotive engines, and for heating purposes, in private dwellings, and boilers carrying not over ten pounds of steam and not over ten horse power, or to act as engineer for such purposes in the city of New York without having a certificate of qualification therefor from practical engineers detailed as such by the police department, such certificate to be countersigned by the officer in command of the sanitary company of the police department of the city of New York and to continue in force one year, unless sooner revoked or suspended.   Such certificate may be revoked or suspended at any time by the police commissioner upon the report of any two practical engineers, detailed as provided in this section, stating the grounds upon which such certificate should be revoked or suspended.   Where such certificate shall have been revoked, as provided in this section, a like certificate shall not in any case be issued to the same person within six months from the date of the revocation of the former certificate held by such person."

We are of the opinion that the action of the police commissioner, based upon the report of the two practical engineers, is not reviewable by writ of certiorari.   The granting and the revocation of the licenses were administrative acts, and not judicial in their character.   We think, also, that as the revocation was only for a period of six months, which period has long since expired, and as licenses are granted annually, and a prior revocation is not a bar to the issuance of a new license, the matter is purely academic.   Although we are of the opinion that certiorari does not lie, we have examined the facts, and think they entirely justified the action taken.

The writ should be quashed, and the proceedings dismissed, with $50 costs and disbursements to the respondent.   All concur.