In the Matter of the Application of MICHELE SOLLECITO, Petitioner, against PAUL MOSS, License Commissioner of the City of New York, Defendant.

Supreme Court, Special Term, Bronx County, November 17, 1936.

*John B. McPennett*, for the petitioner.

*Paul A. Windels, Corporation Counsel [David I. Shivitz* of counsel], for the defendant.

McLAUGHLIN (CHARLES B.), J. On May 6, 1936, the petitioner herein was duly licensed to sell ice at retail by the license commissioner of the city of New York. Thereafter, on July 3, 1936, a hearing was held before the commissioner of licenses on charges made against the petitioner. As a result of this hearing the petitioner's license was revoked on July 6, 1936. Upon application made by petitioner a rehearing was granted. This rehearing took place before the commissioner on September 8, 17 and 18, 1936. Petitioner still continued unsuccessful and as a result of the rehearing his license remains revoked. On October 16, 1936, petitioner obtained an order of certiorari to review the decision and action of the commissioner of licenses in the premises. The defendant now

moves to vacate this order on the ground that the petitioner has mistaken his remedy.

Before certiorari can be granted, the act of the municipal officer sought to be reviewed must be plainly judicial in character. (*Matter of Mt. Morris Square*, 2 Hill, 14.) Official acts which are legislative, executive, administrative or ministerial in their character are not subject to review by certiorari. (*People ex rel. Copcutt* v. *Board of Health*, 140 N. Y. 1.) We know of no provision of law, nor are we referred to any by petitioner, which confers power to perform a judicial act upon the commissioner of licenses. The holding of a hearing and the swearing and examination of witnesses did not, in the matter before us, constitute the determination of the commissioner of licenses a judicial act. . (*People ex rel. Keating* v. *Bingham*, 138 App. Div. 736; appeal dismissed, 200 N. Y. 511.) Before a writ or order of certiorari can be obtained it must be shown that the judicial proceedings sought to be reviewed were provided for by statute. The writ or order will not issue where the hearing had was granted for some reason other than that it was made mandatory by statute. (*Copcutt* v. *Board of Health, supra; Keating* v. *Bingham, supra.*) The hearing and rehearing granted by the commissioner of licenses in this case were, therefore, not judicial acts subject to review by certiorari within the purview of the decided cases.

The motion to vacate the order of certiorari heretofore issued in this proceeding is granted.